## Mary Wahl et al. v. Frank Zoelck.

1. MORTGAGES—*The Mortgagee Holds Only Such Title as the Mortgagor Had.*—In a proceeding to foreclose a mortgage all that is sought to be subjected to the payment of the indebtedness is whatever title the mortgagors had at the time of executing the mortgage, and the extent of that title is not open to inquiry by the mortgagor in a foreclosure suit.

2. LACHES—*In Failing to Enforce a Mortgage.*—A failure to enforce a mortgage indebtedness for a period of nine years after its maturity can not be considered as *laches.*

In Equity.—Foreclosure of trust deed. Trial in the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Hearing and decree for complainant. Appeal by defendants. Heard in this court at the October term, 1897. Affirmed. Opinion filed June 13, 1898.

### STATEMENT.

This is a suit to foreclose a trust deed dated April 7, 1885, executed by John Wahl and Mary Wahl, his wife, to secure a promissory note for $1,300, executed by the same persons. The trust deed was recorded in the recorder's office of Cook county, April 17, 1885.

The bill is in the usual form and alleges that John Wahl, on or about November 6, 1893, died, leaving Mary Wahl, his widow, and certain children, his only heirs-at-law; that the widow and children claim an interest in the premises described in the trust deed by virtue of the death of John Wahl; that the trust deed provided that the sum of $100 should be paid as attorney's and solicitor's fees in case of

foreclosure of the trust deed, which should be included in the decree. Moses Salomon was made a defendant to the bill as the holder of a certificate of sale issued in a former suit to foreclose a subsequent mortgage on the same premises.

Mary Wahl and Moses Salomon appeared and answered the bill; and the minors appeared by their guardian *ad litem.* The case was referred to a master to take proofs and report the same with his conclusions. The case was heard before the master, and the master made his report, to which appellants filed objections. These objections were overruled by the master, and his report filed in court. By an order of court the objections of appellants before the master were ordered to stand as exceptions to the master's report. The master found that all of the material allegations of the bill were true, and that the claim of the defendant Moses Salomon was junior to the lien of complainant. Upon final hearing by the court, the exceptions were overruled, and a decree entered, finding amount of indebtedness and ordering that unless same be paid by some of defendants within time fixed, the premises be sold, etc.

M. SALOMON, attorney for appellants.

WALTHER & LANAGHEN, attorneys for appellee.

MR. JUSTICE SEARS delivered the opinion of the court.

The only grounds of objection to the decree, presented by the brief of counsel for appellants, are, first, that no title is shown in the makers of the trust deed foreclosed; secondly, that the solicitor's fee of $100 was improperly allowed; thirdly, that complainant was chargeable with *laches* in enforcing his rights under the trust deed; and fourthly, that Mrs. Wahl was a surety only, and as such executed the note and trust deed to secure a debt of her husband. We are unable to see how any of these contentions can avail appellants.

All that is sought to be subjected to the payment of the

indebtedness is whatever title the mortgagors had, and the extent of that title is not here open to inquiry by appellants. R. & M. R. R. Co. v. F. L. & T. Co., 49 Ill. 331.

The solicitor's fee allowed is covenanted for in the trust deed. The allowance was proper. Heffron v. Gage, 149 Ill. 182, wherein the court said : "Here the parties stipulated in the deed the amount that should be paid in default of the payment of the mortgage debt, and no reason is perceived why they should not be concluded by the amount so agreed upon in the mortgage, unless it appears that the amount was inserted as a cover for usury, or is unreasonable or excessive."

The amount here allowed can not be said to be a cover for usury, unreasonable or excessive.

We see no force in the contention that a failure to enforce a mortgage indebtedness for a period of nine years after its maturity should of itself be held to constitute *laches*. It is not contended that the note or trust deed was within the application of the statute of limitations.

The note and trust deed were both executed by Mrs. Wahl as well as by her husband. No defense was interposed which attacked the sufficiency of consideration or execution.

It appears that after the conclusion of the taking of testimony and the master's report, that the master fixed the 3d day of November, 1896, as the time within which to file objections thereto, and that thereafter on December 4, 1896, counsel for appellants offered Mrs. Wahl as a witness, and by motion asked to have her testimony taken. Upon objection by appellee, the master denied this motion. Exception to this ruling of the master was overruled by the trial court. In this there was no error. The proffer of this evidence came too late. Nor is anything shown in the proffer which would have constituted competent and material evidence.

Some objections were made to the rulings in admitting testimony; but they are abandoned in the presentation of the case by briefs here.

We are unable to accede to the contention of appellant Salomon, presented for the first time here in reply brief, that his lien should be treated as prior to that of the appellee; nor would it have any force if presented earlier. There can be no doubt as to complainant's priority.

The decree is affirmed.